IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00799-MSK-KLM

HOME DESIGN SERVICES, INC.,

        Plaintiff,

v.

AUTODRAFT DESIGN, INC.,
AUTODRAFT LLC,
GILBERT MAYNARD, and
DEBRA MAYNARD,

        Defendant(s).

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Plaintiff's **Partially Unopposed Motion to Modify**

**Scheduling Order to Allow Additional Interrogatories and Document Requests**

[Docket No. 63; Filed December 18, 2008] (the "Motion").  Pursuant to the Scheduling

Order issued in this case, the parties are permitted twenty-five interrogatories and fifty

document requests per side [Docket No. 35].  The Motion seeks modification of these

limits, but the Motion is confusing and does not adequately set forth the parties' respective

positions on the relief requested.  *Compare Motion* [#63] at 1, *with id.* at 2 n.1.  When read

in conjunction with Defendants' Response [Docket No. 66], which calls into question areas

which the Motion indicates are unopposed, the Motion is even less clear.[1]  Although the

_____

        [1] For instance, although the Motion states that Defendants do not a oppose an increase
in the number of document requests Plaintiff may propound on the corporate Defendants, see
*Motion* [#63] at 1, Defendants argue in their Response that they oppose any increase in the
number of document requests Plaintiff may propound.  *Response* [#66] at 3.

Motion unnecessarily obscures the parties' positions, the Court interprets them as follows: Plaintiff seeks to propound thirty-one interrogatories, fifty-six document requests as to the corporate Defendants, and twenty document requests as to the individual Defendants. *Motion* [#63] at 1. Defendants filed a collective Response to the Motion and indicated that they do not oppose Plaintiff's request to propound thirty-one interrogatories, but they do oppose Plaintiff's request to propound more than fifty document requests. *Response* [#66] at 2-3.

As noted above, pursuant to the Scheduling Order, the Court granted Plaintiff leave to propound twenty-five interrogatories and fifty document requests. *Scheduling Order* [#35] at 10. It now appears that Plaintiff would like to (1) <u>increase</u> the number of interrogatories it may propound (from twenty-five to thirty-one), and (2) <u>increase</u> the number of document requests it may propound (a) collectively as to the corporate Defendants and (b) collectively as to each individual Defendant (from fifty to seventy-six, i.e., fifty-six propounded to the corporate Defendants and twenty propounded to the individual Defendants). As to increasing the number of interrogatories Plaintiff may propound, this request is not opposed and appears to be reasonable. Finally, as to increasing the number of document requests Plaintiff may propound, this request is opposed and not sufficiently detailed to provide the Court with good cause for modification. Accordingly,

IT IS HEREBY **ORDERED** that Motion is **GRANTED in part and DENIED in part**. To the extent that Plaintiff requests modification of the number of interrogatories permitted, the Motion is **granted**. The Scheduling Order is modified to allow Plaintiff to propound no

more than thirty-one interrogatories.  To the extent that Plaintiff requests modification of the number of document requests permitted, the Motion is **denied**.  Plaintiff has failed to adequately explain the necessity for increasing the number of document requests it may propound.  Because fifty is already a significant increase in the Court's presumptive limit, and good cause has not been provided, I find that this number should be satisfactory here.

Dated:  January 14, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge