IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00799-MSK-KLM

HOME DESIGN SERVICES, INC.,

  Plaintiff,

v.

AUTODRAFT DESIGN, INC.,
AUTODRAFT LLC,
GILBERT MAYNARD, and
DEBRA MAYNARD,

  Defendant(s).

_____

## ORDER DENYING RECONSIDERATION
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Reconsideration of Order of January 14, 2009 Denying, in Part, Plaintiff's Partially Unopposed Motion to Modify Scheduling Order** [Docket No. 71; Filed January 26, 2009] (the "Motion").  This Court recently denied Plaintiff's request to increase the number of document requests from fifty to seventy-six [Docket No. 69].  Specifically, the Court found that the Motion was unclear, inconsistent, and failed to provide good cause for modification of the Scheduling Order. *Order* [#69] at 2.  Plaintiff now seeks to more forcefully and clearly state its position and seeks reconsideration of my Order.  Plaintiff misunderstands its burden to secure reconsideration.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well established in the Tenth Circuit that grounds for a motion to reconsider include:

"(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The Court construes the present Motion as an attempt to take a second bite at the apple. The Motion does not set forth new evidence previously unavailable to Plaintiff, and it does not cite a change in the law. Moreover, considering that the Court's denial of Plaintiff's underlying motion was not the result of a misapprehension of Plaintiff's position, the facts, or the law, but rather a discretionary decision based on the sufficiency of the underlying motion, I find that Plaintiff has failed to articulate clear error or manifest injustice. Simply, the Motion is an attempt to remedy the pleading deficiencies associated with Plaintiff's previous, unsuccessful motion. To the extent that Plaintiff attempts to refine its arguments or assert facts which pre-existed the previous motion, the Court is unpersuaded that Plaintiff has satisfied its burden to obtain reconsideration. *See id.*

I stand by my previous Order and warn Plaintiff that future motions must be supported by good cause at the outset. It is an inefficient use of the Court's and parties' time to reserve argument or facts for a later motion only to be asserted when the first motion is unsuccessful. Further, I note that Plaintiff has failed to adequately articulate why it could not draft document requests to obtain the sought-after documents without exceeding previously set discovery limitations. Finally, to the extent that Plaintiff suggests that it is entitled to approximately seventy-five document requests because Defendants are

clearly liable for Plaintiff's underlying claims, such an argument puts the cart before the horse and does not demonstrate injustice such as to prompt reconsideration here. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  January 27, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge
